**Rino Mulia YUSUF; Neneng Yulia Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73644.

United States Court of Appeals, Ninth Circuit.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Rino Mulia Yusuf and Neneng Yulia, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

determination that petitioners are ineligible for asylum because they failed to file their asylum applications within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

Under 8 U.S.C. § 1252, we have jurisdiction to review the IJ's denial of withholding of removal and relief under the CAT, and we review for substantial evidence. *See id.* at 816. We deny the petition.

 Substantial evidence supports the IJ's denial of withholding of removal because petitioners failed to demonstrate that it is more likely than not that they would be subject to persecution if removed to Indonesia. *See Hakeem,* 273 F.3d at 816–17. Although unfortunate, the events, including being demoted, receiving threats, and having rocks thrown at their house, do not compel a finding of past persecution. *See, e.g., Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (being fired, *inter alia,* does not compel a finding of past persecution); *Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (mail and telephone threats, without more, do not compel a finding of past persecution); *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995) (being detained, assaulted, and questioned about support for a political party does not compel a finding of past persecution). Moreover, there is not a clear probability of persecution on account of political opinion because Yulia no longer participates in political activities and no longer wants to participate in such activities. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) ("To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds.").

Substantial evidence also supports the IJ's denial of the petitioners' CAT claim because they failed to demonstrate that it is more likely than not that they would be tortured if removed to Indonesia. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**